**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:19-MC-185-FDW-DCK**

| | | |
|---|---|---|
| **GRUPO PETROTEMEX, S.A. DE C.V. and** | ) | |
| **DAK AMERICAS, LLC,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **POLYMETRIX AG,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

     **THIS MATTER IS BEFORE THE COURT** on Plaintiffs' "Motion To Compel Non-Party Auriga Polymers Inc. To Comply With Subpoena" (Document No. 1) and "Motion To Transfer Motion To Compel Non-Party Auriga Polymers Inc. To Comply With Subpoena To The United States District Court for the District of Minnesota" (Document No. 20) filed November 25, 2019. These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions, the record, and applicable authority, the undersigned will <u>grant</u> the motion to transfer and deny without prejudice the motion to compel.

     By the instant action, Plaintiffs seek to compel non-party Auriga Polymers, Inc. ("Auriga") "to fully comply with the valid and properly executed subpoena for documents and testimony relevant to the claims and defenses raised by the parties in <u>Grupo Petrotemex, S.A. de C.V. et al v. Polymetrix AG</u>, Case No. 0:16-CV-2401-SRN-HB (D.Minn.) (the "Minnesota Litigation"). (Document No. 1-1, p. 1). The subpoena was issued on or about July 17, 2018. (Document No. 1, p. 1).

The underlying Minnesota Litigation involves a Complaint against Polymetrix AG ("Polymetrix" or "Defendant") for patent infringement filed on July 12, 2016. (Document No. 1-1, p. 2). One of Polymetrix's customers is Indorama Ventures Poland ("IVP"), a manufacturer who uses the accused technology at its plant in Wloclawek, Poland. (Document No. 1-1, pp. 1-2). Auriga is a subsidiary of Indorama Ventures Public Company Limited ("Indorama Ventures"), the parent company of IVP. (Document No. 1-1, p. 3).

Plaintiffs also issued subpoenas to two other subsidiaries of Indorama Ventures on or about July 17, 2018 – StarPet, Inc. ("StarPet") and AlphaPet, Inc. ("AlphaPet") (collectively, the "Indorama Subsidiaries"). Id. Plaintiffs contend that the subpoenas of all three U.S. subsidiaries of Indorama Ventures seek substantially similar information for the Minnesota Litigation. (Document No. 1-1, p. 4).

Plaintiffs seek to transfer all three motions to compel against the Indorama Subsidiaries pending in three separate federal district courts to the Minnesota Litigation. (Document No. 2-1). Plaintiffs note that:

> The court of the district where compliance is sought may "transfer a motion . . . to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). "Transfer may be appropriate, and exceptional circumstances may be found, if transfer would prevent disrupting the issuing court's management of the underlying litigation." *In re Subpoena Issued to Bayor Cropscience in Civ. Action No. 5:14-CV-117,* 2016 U.S. Dist. LEXIS 187523, at *7-8 (E.D.N.C. June 14, 2016). "Such disruptions may be prevented when the issuing court has already ruled on issues presented in the motion or when discovery in various districts is likely to raise the same issues in each district." *Id.* at *8. "Exceptional circumstances have been found when *'judicial economy, efficient case management, and the administration of justice are likely best served by transfer' and when '[t]he alternative presents the likelihood of inconsistent orders and deadlines* regarding subpoenas and/or protective orders' from different district courts." *Id.* (quoting *D.R. Horton, Inc. v. NVR, Inc.,* 2016 U.S. Dist. LEXIS 66970, at *4 (W.D.N.C. May 20, 2016)

(emphasis added). "Exceptional circumstances have also been found when the issuing court is already coordinating discovery for the underlying action and has issued subpoenas to parties in various districts that will likely inspire third parties to raise the same issues." *Id.* at *8-9 (citing *In re Niaspan Antitrust Litig.*, 2015 U.S. Dist. LEXIS 67525, at *2-3 (D.Md. May 26, 2015)).

(Document No. 2-1, pp. 2-3).

Plaintiffs contend that the Minnesota court is "intimately familiar with the issues raised in all the motions to compel and can resolve them efficiently and in a consistent and fair manner." (Document No. 2-1, p. 2). Plaintiffs further assert, *inter alia*, that: there is a risk of inconsistent decisions in three (or four) courts; the Minnesota Litigation has already addressed related issues; judicial economy, efficient case management, and the administration of justice are best served by transfer; and three different courts deciding the pending motions to compel may lead to inconsistent deadlines and delay. (Document No. 2-1, p. 3).

The undersigned has reviewed both sides' arguments, but finds Plaintiffs' motion to transfer most compelling. The undersigned has also reviewed the docket for the Minnesota Litigation, where it appears there are already motions to compel pending that are likely to be addressed during a hearing on or about January 9, 2020. Moreover, at least one issue before the Minnesota court involves the production of a joint defense agreement entered into between Defendant Polymetrix and the three Indorama Subsidiaries – AlphaPet, StarPet, and Auriga.

In short, the undersigned is satisfied that there are sufficiently exceptional circumstances to warrant transfer of this matter to the Minnesota Litigation. In particular, judicial economy, efficient case management, and the administration of justice are likely best served by transfer to Minnesota.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' "Motion To Transfer Motion To Compel Non-Party Auriga Polymers Inc. To Comply With Subpoena To The United States District

Court for the District of Minnesota" (Document No. 2) is **GRANTED**. Plaintiffs' "Motion To Compel Non-Party Auriga Polymers Inc. To Comply With Subpoena" (Document No. 1) shall be **TRANSFERRED** to the United States District Court for the District of Minnesota for consideration in the related action before that Court:  Grupo Petrotemex, S.A. de C.V. et al v. Polymetrix AG, Case No. 0:16-CV-2401-SRN-HB (D.Minn.).

   **SO ORDERED**.

    Signed: December 20, 2019

David C. Keesler
United States Magistrate Judge